'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MORROW-MEADOWS CORPORATION, Plaintiff, v. HONEYWELL INTERNATIONAL Inc. et al., Defendant. | CV 22-05716-RSWL-SKx <br><br> **ORDER re: DEFENDANT'S MOTION TO DISMISS** [11] |
|---|---|

Plaintiff Morrow-Meadows Corporation ("Plaintiff") brought the instant Action against Defendant Honeywell International Inc. ("Defendant") alleging breach of contract and violations of statutory prompt payment penalties (pursuant to Business & Professions Code § 7108.5[1] and Public Contract Code §§ 7107, 10262, and

---

[1] In the Complaint, Plaintiff refers to Business & Professions Code section 7108.8. See Compl. ¶ 17, ECF No. 1-1. No such statute exists. Plaintiff likely meant to refer to Business & Professions Code section 7108.5. See Pl.'s Opp'n. to Mot. ("Opp'n") 2:18 n.1, ECF No. 15.

1

10262.5). Currently before the Court is Defendant's Motion to Dismiss [11] ("Motion"). Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Defendant's Motion **WITH LEAVE TO AMEND**.

## I. BACKGROUND

**A. Factual Background**

The Complaint alleges as follows:

Plaintiff, a subcontractor, and Defendant, a general contractor, entered into a master subcontract agreement (the "MSA"). Compl. ¶ 4. The parties amended the MSA to incorporate the City of Los Angeles' Wastewater Information Network System Project (the "WINS Project"). Id. ¶ 5.

Defendant issued to Plaintiff Purchase Order No. 4402186019 on or about May 17, 2012, and Purchase Order No. 4408556431 on or about July 14, 2016 (collectively "Purchase Orders"). Id. ¶¶ 7-8. The former provided that for $6,961,710, Plaintiff would supply and install the WINS Project's Hyperion Facility's electrical and controls system with an estimated completion date of December 31, 2018. Id. ¶¶ 7, 9. The latter provided that for $1,686,970, Plaintiff would supply and install the WINS Project's Terminal Island site's electrical system with an anticipated completion date of December 29, 2017. Id. ¶¶ 8-9.

On both projects, Defendant encountered serious delays not caused by Plaintiff. Id. ¶ 10. These delays

resulted in Defendant submitting a substantial claim – Claim No. 004 - against the City of Los Angeles (the "City"), which included claims for Plaintiff's extended performance costs. Id. The City agreed to pay Defendant $11,075,901 in connection with Claim No. 004. Id. ¶ 15.

Plaintiff performed all Purchase Order obligations other than those prevented or excused by Defendant. Id. ¶ 11. Defendant breached the Purchase Orders by failing to compensate Plaintiff for its delay-induced damages. Id. ¶ 12. By refusing to pay Plaintiff a portion of the sum recovered from the City, Defendant also violated California's various "prompt payment" statutes. Id. ¶ 17.

**B.  Procedural Background**

Plaintiff filed its Complaint in the Superior Court of California, County of Los Angeles, on July 6, 2022. On August 12, 2022, Defendant removed [1] this Action to this Court based on diversity jurisdiction. Defendant filed the instant Motion to Dismiss [11] on August 19, 2022. Plaintiff opposed [15] the Motion on September 12, 2022. Defendant replied [16] on September 20, 2022.

## II.   DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must "contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**B. Discussion**

    1. Judicial Notice

Before turning to the merits of Defendant's Motion, the Court first addresses Defendant's request for judicial notice. A court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under the judicially created incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Judicial notice is proper for documents satisfying the incorporation-by-reference doctrine.[2] In re Maxwell Techs., Inc.

---

[2] An extensive body of Ninth Circuit case law maintains that courts can judicially notice documents that satisfy the incorporation-by-reference doctrine. See, e.g., In re CNET Networks, Inc., 483 F. Supp. 2d 947 (N.D. Cal. 2007) ("In considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference."); Maxwell, 2014 WL 2212155, at *1 (granting request for judicial notice because "documents incorporated by reference in the Complaint" are

1  Derivative Litig., No. 13-CV-966-BEN RBB, 2014 WL
2  2212155, at *1 (S.D. Cal. May 27, 2014).
3       Here, Defendant requests the Court take judicial
4  notice of the Purchase Orders.  Mot. 7:4-5.  Plaintiff
5  alleged a breach of contract claim because Defendant
6  "breached the Purchase Orders."  Compl. ¶ 12.
7  Therefore, the claim necessarily relies on the Purchase
8  Orders' contractual provisions, and the Purchase Orders
9  are central to the Complaint.  See Marder at 448.
10 Plaintiff did not question the authenticity of the
11 documents attached to the Motion.  See generally Opp'n.
12 Thus, the Court can consider the Purchase Orders under
13 the incorporation-by-reference doctrine, and judicial
14 notice is appropriate.  See Maxwell, 2014 WL 2212155, at
15 *1.  The Purchase Orders are not subject to reasonable
16 dispute; therefore, the Court **GRANTS** Defendant's request
17 for judicial notice.
18      2.   Plaintiff Failed to Plead that Defendant
19           Breached a Contractual Provision
20      Under California law, a breach of contract claim
21 must be dismissed when the plaintiff fails to identify
22 any contract provision that was breached.  See Satvati
23 v. Allstate Northbrook Indem. Co., No. CV 21-08840-RSWL-

---

properly considered in a motion to dismiss).  However, the Ninth Circuit has previously distinguished between judicial notice and incorporation-by-reference and held that "unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."  Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018).

PDx, 2022 U.S. Dist. LEXIS 184902, at *6 (C.D. Cal. Oct. 6, 2022). Moreover, where breach of contract is based on a writing, the writing must express the obligation sued upon. Miron v. Herbalife Int'l, Inc., 11 F. App'x 927, 929 (9th Cir. 2001) (affirming dismissal of a breach of contract claim because the plaintiffs failed to allege any contractual provision supporting their claim).

    Here, Plaintiff alleged Defendant breached the Purchase Orders by not paying Plaintiff for the damages it suffered due to the project delays. Compl. ¶ 12. However, in the Complaint, Plaintiff did not specify which Purchase Order provision required Defendant to compensate Plaintiff for delays. See generally id. In its Opposition, Plaintiff advanced a new theory: Defendant failed to pay Plaintiff for its performance by the anticipated completion dates. Opp'n. 6:9-10. When deciding a motion, courts should not consider a new argument unconnected to the complaint.[3] The Complaint both did not allege that Defendant failed to timely pay under the contract, nor did it specify a contractual

---

[3] When alleging breach, a plaintiff may plead "the legal effect of a contract rather than pleading its precise language." Constructive Protective Servs., Inc. v. TIG, 57 P.3d 372, 377 (2002). However, "[r]aising a completely new theory of liability, with only attenuated connection to a complaint, in a[n] . . . opposition . . . does not grant Defendant fair notice of Plaintiffs' claim." Provencio v. Vazquez, 258 F.R.D. 626, 639 (E.D. Cal. 2009); see also Gerritsen v. Warner Bros. Ent. Inc., 116 F. Supp. 3d 1104, 1126 (C.D. Cal. 2015) (holding it "improper" for a plaintiff to assert an unpled theory of liability in an opposition to a motion to dismiss).

provision mandating payment occur by a certain date. See generally Compl. Instead, in its Complaint, Plaintiff simply maintained that it is entitled to extended performance costs caused by the delay. Id. ¶ 10. Therefore, because Plaintiff failed to identify in its Complaint a contract provision entitling it to delay costs or mandating timely payment by a certain date, the Court **GRANTS** Defendant's Motion on Plaintiff's breach of contract claim.

### 3. Plaintiff Did Not Plead a Plausible Claim for Relief Under the Prompt Payment Statutes

Plaintiff alleged that Defendant violated four California[4] "prompt payment" statutes (collectively, the "Statutes"). Id. ¶ 17. The first statute is California Business and Professions Code section 7108.5, which provides that within seven days of receiving progress payments, a "prime contractor" must pay its subcontractors according to their interest in the payment. Cal. Bus. & Prof. Code § 7108.5. The next two statutes, California Public Contract Code Sections 10262 and 10262.5, impose the exact same requirement. Cal. Pub. Cont. Code § 10262 ("The contractor shall pay to

---

[4] Defendant contends that each Purchase Order has a choice-of-law provision stating that New York law governs any claim between the parties. Mot. 8:8-10. Defendant argues that given the choice-of-law provision, the California statutes do not apply. Id. at 9:17. Because the Complaint fails to plead a plausible claim for relief under the California statutes, the Court does not need to determine at this time whether New York Law governs any claim between the parties.

8

his or her subcontractors, within seven days of receipt of each progress payment, the respective amounts allowed the contractor on account of the work performed by his or her subcontractors, to the extent of each subcontractor's interest therein"); Cal. Pub. Cont. Code § 10262.5.  The final statute Plaintiff cites to, California Public Contract Code section 7107, holds contractors must pay its subcontractors their share of retention proceeds within the same seven-day timeframe. Cal. Pub. Cont. Code § 7107.

California prompt payment statutes distinguish between payment types; thus, as a threshold matter, courts must evaluate the type of payment involved to determine what statutes apply.  Harry D. Miller & Marvin B. Starr, Ch. 31. Construction Law and Contracting, in Miller and Starr Cal. Real Est. (4th ed. 2015) § 31:92. Both "progress payments" and "retention proceeds" are defined terms in the construction trade.  Id.  "A progress payment is a . . . periodic payment, paid over the length of a project . . . typically based on a percentage of work during a defined time period." Id. "Retention proceeds" refer to payment withheld by an owner or contractor until project completion to secure full contract performance.  Id.; see also Yassin v. Solis, 108 Cal. Rptr. 3d 854, 861 (2010) (noting "retention occurs when the owner retains a percentage from each progress payment as a form of security") (citing Kenneth C. Gibbs et al., Cal. Construction Law

9

(16th ed. 2000) § 3.02[A][5] at 103).

Here, because of delays, Defendant served the City with various claims for compensation, including Claim No. 004. Compl. ¶ 14. Plaintiff alleged Defendant violated the Statutes by refusing to pay Plaintiff any portion of its Claim 004 "recovery." Id. ¶¶ 14, 17-18. However, nothing in the Complaint established that the recovery constituted a progress payment or retention proceeds. See generally id. Plaintiff further failed to allege that it possessed any contractual interest in the recovery, and the Statutes all presuppose a contractual payment obligation. See, e.g., Cal. Bus. & Prof. Code § 7108.5 ("to the extent of each subcontractor's interest therein"); see generally Compl. Instead, Plaintiff merely alleged that because Claim No. 004 included compensation requests for Plaintiff's extended performance costs, it was entitled to a portion of the recovery.[5] Id. ¶ 14.

In its Complaint, Plaintiff did not allege that Defendant failed to timely proffer *any* of the contractually owed payment. See generally Compl.

---

[5] Moreover, the Purchase Orders appear to have explicitly established "Terms of payment" - "90% Net, 10% Retention." See Mot. Ex. 1, at 1; Ex. 2, at 1. These provisions likely entitled Plaintiff to 90 percent of the Purchase Orders' payment within ninety days of the invoice receipt and enabled Defendant to retain 10 percent of the cost until project completion. The latter 10 percent would qualify as "retention proceeds" under California Public Contract Code section 7107. The Purchase Orders appear to contain no provisions that would compensate Plaintiff's extended performance costs. See generally Mot. Ex. 1; Ex. 2.

10

Therefore, it is unclear whether Plaintiff possesses any interest in Defendant's Claim No. 004 recovery. In sum, Plaintiff failed to meet the Statutes' requirements because Plaintiff did not allege that Claim No. 004 recovery constituted a progress payment or retention proceeds, nor that Plaintiff possessed a contractual interest in the recovery. The Court therefore **GRANTS** Defendant's Motion on Plaintiff's statutory prompt payment penalties claim.

### 4. Leave to Amend

"Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend." Winebarger v. Pennsylvania Higher Educ. Assistance Agency, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019). "The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Against this extremely liberal standard, the Court may consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Here, Plaintiff's breach of contract claim and statutory penalties claim can be cured by alleging more specific factual information relating to the claims.

11

Alternatively, Plaintiff could plead for relief under a different theory of liability. There is no evidence of bad faith or undue delay by Plaintiff, nor potential prejudice to Defendant by allowing amendment. The Court therefore **GRANTS** Defendant's Motion to Dismiss **WITH LEAVE TO AMEND.**

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion **WITH LEAVE TO AMEND.** Plaintiff may file an amended complaint by no later than **November 24, 2022.**

**IT IS SO ORDERED.**

DATED: October 24, 2022  /s/Ronald S.W. Lew
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge